[Civ. No. 17634.   Second Dist., Div. One.   Jan. 17, 1951.]

DYNAMIC AIR ENGINEERING INC. (a Corporation), Appellant, v. WESTERN DESIGN AND MANUFACTURING CORPORATION (a Corporation) et al., Respondents.

John Flam and Stephen G. Valensi for Appellant.

Leonard Comegys and James G. Scarborough for Respondents.

DRAPEAU, J.—Plaintiff's complaint alleges that for six years plaintiff has been developing, manufacturing, and selling axial flow blowers; that defendants while employed by plaintiff secured engineering secrets relative to such blowers; and that defendants have been and are using plaintiff's trade secrets in manufacturing blowers in competition with plaintiff.

Defendants deny that they obtained, or are using, any of plaintiff's trade secrets, and allege that in their manufacture of axial flow blowers they are using engineering principles and data common to all and not the exclusive property of plaintiff.

Axial flow blowers circulate air under pressure. Housed in pipes, they are used for warmth and for ventilation in airplanes. Plaintiff's blower is a single unit: motor, fan blades, vanes, and assembly, enclosed within a pipe, and designed to deliver a continuous stream of moving air in a defined channel.

One thousand thirty-eight pages of testimony have been read. The evidence would support either the allegations of plaintiff or the allegations and denials of defendants. The trial court found for defendants, and there is substantial evidence to support that finding.

■ A finding of the trial court upon conflicting evidence will not be disturbed on appeal if there is evidence of a substantial character which reasonably supports the judgment. (*Fewel & Dawes, Inc.* v. *Pratt*, 17 Cal.2d 85 [109 P.2d 650]; 2 Cal.Jur. 921; McK. Dig., Appeal and Error, § 1280.)

■ Plaintiff's claim of error in the exclusion of evidence on rebuttal is without merit. The following question was asked of a witness for plaintiff:

"Could the propeller shown on Defendants' Exhibit K have been designed by the use of the Dynamic Air designing methods?"

Answer to this question was stricken out and objection sustained because of no foundation, in that there was no evidence of plaintiff's methods called for by the question.

Later on the following colloquy occurred between the trial court and counsel for plaintiff:

"Mr. Cusack: Do I understand I will not be permitted to lay any further foundation as to his qualifications or knowledge?

"The Court: There is no question in my mind but what Mr. Sharpe is very ably qualified to testify in all the matters pertaining to the plaintiff's blowers as well as any other blower. However, that is not the necessary foundation, as I see it. The necessary foundation is the system used by the plaintiff to arrive at its deductions or results. Otherwise there would be no means of cross examining this witness on his calculations."

The court's ruling was based upon lack of essential foundational proof, and was proper.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied February 5, 1951.